Jeffrey C. Matte, Esq. Informal Opinion Assistant Village Attorney No. 2000-21 Village of Lake George 444 Glen Street Glens Falls, New York 12801-2943
Dear Mr. Matte:
You have inquired whether the Village of Lake George (the "village") may use boat parking meters to collect dock fees at the village-owned docks in Lake George. You further inquire whether the village may authorize a court to assess and collect fines for boat parking violations. In a telephone conversation, you clarified this request by stating that you desired to know whether the village could create a traffic violations bureau to handle parking violations related to boats. We conclude that the village may use boat parking meters to collect dock fees in the circumstances described. We further conclude that the village is not authorized to create a traffic violations bureau to enforce boat parking regulations.
You advise us that the village owns docks at the southern end of Lake George. At present, the village hires a person to collect the dock fees. In lieu of this arrangement, the village is interested in using parking meters that would be installed on land adjoining the docks to collect the dock fees.
We conclude that the village may use boat parking meters to collect dock fees. Village Law § 4-412(3)(8) authorizes a village to "acquire, construct, enlarge, extend or improve public docks, as a municipal purpose," and further authorizes a village to impose charges for the use of such facilities. We see no meaningful distinction between collecting these charges by use of parking meters or by use of an employee.
With respect to enforcement of the dock use regulations, we conclude that the village is not authorized to create a traffic violations bureau to handle parking violations relating to boats. Article 14-B of the General Municipal Law permits certain municipalities to "authorize the court having jurisdiction of traffic cases to establish a traffic violations bureau to assist the court in the disposition of infractions in relation to traffic violations." General Municipal Law § 370(1);see Op Atty Gen (Inf) No. 88-62. Article 14-B relates to vehicular traffic, not boating traffic. This conclusion is supported by the fact that where the Vehicle and Traffic Law addresses matters related to boats, it does so expressly and in articles separate from those dealing with traffic rule enforcement. See Vehicle and Traffic Law § 155
(definition of "traffic infraction" excludes article 48 [Registration of Vessels]); compare Vehicle and Traffic Law §§ 159 (definition of "vehicle") and 2250 (definition of "vessel"). We are aware of no other statutory provisions that would authorize the formation of a traffic violations bureau relating to parking violations for boats. Because of the above provisions, such a bureau may not be authorized by local law. Municipal Home Rule Law § 11(1)(e) (local laws must be consistent with State statutes that affect the courts). In the absence of such provisions, the dock parking regulations would be enforced as would any other local law. Violation of these regulations would be classified as "offenses" under Penal Law § 10.00(3) and must be prosecuted in the local criminal court. See Op Atty Gen (Inf) No. 91-3.
You have also asked whether the village may request that the State Department of Motor Vehicles suspend the boat registrations of those who fail to pay fines for boat parking violations. This part of your inquiry is more appropriately addressed to counsel at that department.
The Attorney General renders formal opinions only to officers and departments of the state government. This perforce is an informal and unofficial expression of the views of this office.
Very truly yours,
WILLIAM E. STORRS, Assistant Solicitor General